Final case, 13-34-56, USA v. Kevin Davis, arguments not to exceed 15 minutes per side, Ms. Schwartz for the appellant. Good morning. Good morning, Your Honors. May it please the Court, my name is Jennifer Schwartz. I represent the appellant, Kevin Davis. I'd like to reserve two and a half minutes for rebuttal, please. The issue in this case is whether or not the sentence that Mr. Davis received was procedurally reasonable, and I would submit that it was not for two reasons. First, he had no qualifying offenses to enhance the mandatory minimum. The district court found that one of his offenses did qualify. And second, I don't believe that the pattern of activity enhancement was established by a preponderance of evidence. So for those two reasons, the sentence was not procedurally reasonable. In examining the potential enhancing convictions to increase the mandatory minimum, the district court looked at two prior offenses. The first was a sexual battery conviction from an Ohio court. The district court properly held with regard to that conviction that the age of the victim, or the fact that the victim was not a minor, had not been established in any of the court records, and that therefore the offense could not qualify as a predicate offense. This was a finding that the government did not appeal. The government did argue that it was not necessary under case law from other circuits for that offense to involve a minor in order for it to qualify as a predicate offense. I think this court had previously held that that was not the case implicitly in United States v. Gardner, but more recently in United States v. Mateen, this court explicitly held that the victim does have to be a minor in order for the offense to qualify as an enhancing offense. So the district court got that one right and held that it was not a qualifying offense. The other offense the court considered, however, was an attempted pandering obscenity involving a minor, also from Ohio. In this case, the district court held it did qualify as a predicate offense, but I think that was a mistake. The Ohio statute that Mr. Davis was convicted under prohibited, quote, obscenity involving a minor, unquote. And the issue with regard to this conviction was whether that conduct necessarily constituted child pornography as defined by the federal statute, which it had to in order for it to qualify as a predicate offense. The court, in comparing the elements of those two statutes under the categorical approach, determined that the Ohio statute was overbroad because it was possible for there to be obscenity involving a minor that didn't involve child pornography. The district court then took a modified categorical approach and looked at additional documents to determine in what manner Mr. Davis had committed the offense. That approach, after the sentencing, was determined to be improper according to DACOMP v. United States, which held that the modified categorical approach is only appropriate where the statute at issue is divisible into predicate and non-predicate offenses. The Ohio pandering statute is divisible into different subsections, but each subsection only prohibits obscenity involving a minor, so that each subsection is broader than the federal definition of child pornography. Therefore, using a modified categorical approach doesn't give the court any more information as to whether the actual conduct involved child pornography. But you said it violated the... I mean, it sounds like it was appropriate to use the modified categorical approach here because the statute was divisible, right? Even though you say that it doesn't help, but the analysis was right, though, wasn't it? Your Honor, in terms of DACOMP's analysis of divisible and indivisible offenses, it has to be divisible into predicate and non-predicate offenses. The Ohio statute, like I said, while technically divisible, there are five different subsections that can be violated, isn't divisible into predicate and non-predicate offenses because each subsection prohibits the same thing, which is obscenity involving a minor. Didn't DACOMP really kick off the difference based on elements? And so is your claim that each of the series of activities prohibited all entail exactly the same elements? There are different ways to violate, different ways to illegally use obscenity involving a minor. It can be through advertising, publishing, but they all involve obscenity involving a minor. There's nothing more specific in terms of the content of the material. And because obscenity involving a minor is an elements-based comparison, which subsection was violated? And therefore, DACOMP says the modified categorical approach is not appropriate. So neither of them qualify? Neither of his prior offenses qualified as a predicate offense to enhance the mandatory minimum, correct. But they can be used for sentencing because we don't use that same approach. For sentencing? Well, I mean, it's all sentencing, but... I mean for calculating the guidelines. For calculating the guidelines in certain circumstances. I think each portion of the guideline analysis has its own standards. No, I'm saying that you can look at the facts of a prior offense when you're applying the guidelines as opposed to trying to figure out if it's a If the facts are not contested, yes. Even at the time that the district court applied the modified categorical approach before DACOMP, the application was improper. Because in using that approach, the district court looked at, well, there were two documents presented by the government for the court's review. The first was the sentencing journal entry from the state trial court. And that set forth the ages of the victims involved in the offense, which satisfied one prong of the analysis. But that entry did not describe the conduct depicted in the images. And so there still was no evidence that the conduct depicted included child pornography. Now the district court, from reading the transcript, the district court appears to have determined that the conduct was sufficiently established by that state court journal entry. Because he talks about the fact that Mr. Davis was found to be a sexually oriented offender and a sexual predator based on Ohio standards at that time under the old Megan's Law. But there was nothing in the sentencing journal entry that describes the images themselves. Which even if he were properly under the modified categorical approach, he couldn't do. Exactly. The camp is pretty clear, even if you're under the modified approach, you don't get to delve into the facts. You look at it categorically. Correct. It's an elements-based comparison. It's an elements-based thing. So I'm just a little struggling with your definition of the explanation of why it's not divisible. Can you just do that quickly one more time? Sure. Are you saying it's not divisible or are you saying the divisibility doesn't matter? Because when you divide it, you don't find a crime that potentially fits. I'm saying under Descombe's definition of divisible, it has to be divisible into predicate and non-predicate offenses. And because this specific pandering offense is not divisible into predicate and non-predicate offenses, it's not divisible for the modified categorical approach purpose. You know, technically. Even if you did. But even if your second argument is even if you did undertake a modified categorical approach, the judge did it incorrectly by moving below categories and seeking factual analysis, which is not allowed under Descombe either. Correct. Okay, so how about the second issue? The pattern of activity enhancement? Yep. The standard, I think this is what you were getting at early. The standard is different when looking at the pattern of activity enhancement. But what the court relied on here was a written admission from Mr. Davis that he had sexually abused his stepson. And this goes back to the Ohio sexual battery case. Now, what the court said on the record is that Mr. Davis had admitted that he abused his 4- to 5-year-old stepson on 10 different occasions. And that's not actually what Mr. Davis admitted to. He did admit to abusing his stepson. But once again, and this was the problem in looking at this as a predicate offense, his written statement did not make any mention of age. So there was nothing in the record that determined the age of the child. I mean, under the Ohio law, it would still be sexual battery to abuse an adult stepchild. And so what the court relied on was the statement that contained no definition of the child's age. Are you kind of importing a DECAMP analysis into this pattern of activity guideline enhancement? No, I think it's clear that that's not the proper analysis. It is broader. There is more consideration. What we have to do is look and see whether there was any basis for the sentencing judge to conclude that that abuse concerned a minor, right? Yes. Okay. So what about the earlier discussions that pertained to the other issue? There was sort of an offer of a birth certificate. Did the judge see that? The judge declined to take judicial notice of the child's age, finding that that would not be appropriate. So there was discussion, there was argument about the child's age, but there was no evidence submitted. One second. The judge, for purposes of scoring this, couldn't the prosecutor say, Judge, here's the birth certificate? Judge, even for this purpose, there's a preponderance of evidence standard, and there must be a reliable indicia. What could be more reliable? He's identified a particular child in all of this. And the child, his age is probably the most reliable thing out there. He either was or was not a minor. But there was no evidence in the record of the child.  So the prosecutor certainly could have said, Here's the birth certificate. Or a mother could have said it. Or it could be in a write-up someplace. And then you could show that, No, what appears to be reliable isn't. But are you saying the age is in none of these things? I'm saying that the government offered the birth certificate, the judge refused it. So that's not in the record. But the defendant's written statement, which is what we're talking about, his sworn statement from his 1989 sexual battery conviction, made no reference to my four or five-year-old or my stepson? It did say my stepson. It doesn't say the age. It does not say the age. He says my stepson, and he does refer to the child by name. But he never says the age. So the remedy would be to send it back, and they'll show the birth certificate. Well, if the judge chooses to accept it at that time, at least there's an opportunity at that point for an examination of the reliability of the information, which didn't happen at the sentencing at the trial court here. The PSR had nothing that would indicate child? The PSR in the summary of the prior offense did indicate the age of the child. Is that not part of the record? That is a part of the record. Is that not something that the judge could consider as part of the preponderance of the evidence? The judge didn't consider it. He relied solely on the defendant's statement. Well, you don't know that. He said the defendant admitted it. He wasn't aware that somebody was challenging the child's age. I mean, you were challenging the age for purposes of the ACCA. Did anybody challenge the age for purposes of the enhancement? I don't think the challenge to the age was necessarily made for a specific reason. The argument was that there was no evidence of the child's age in the record. It wasn't broken down that specifically, I don't think, into, well, maybe there's evidence for this purpose but not for this purpose. It was a little more general than that. But you agree that, I mean, there's a legal obstacle when it comes to the ACCA. Basically, it doesn't matter how old the child was from a legal standpoint, right? But here it does because the judge is allowed to consider all of this other information. This standard is less stringent with this. And just to clarify, it wasn't actually the ACCA that was at issue here. It was the enhanced mandatory minimum on child pornography. That's right. Too many ACCA cases. It's the same analysis. I guess what I'm saying here is that the problem is that the judge did not refer to a specific item in the record. But he was factually correct, right? Yes. Although I think part of the issue here is that the way that the pattern of activity enhancement was set forth in the pre-sentence report, it appeared the way the report was written. The two separate offenses were required, or not even convictions, but two separate cases. And so the probation officer kept referring to the sexual battery case plus another case. First it was the Tennessee case where there was no conviction. There was an objection on the first PSR, and then that was amended to try and include the pandering case. And so it always seemed as if that case was not sufficient in and of itself to support the enhancement, and there was no need to object on that basis. What about his statement that the court recites when he's sentencing, talking about acceptance of responsibility? We've heard his statement in open court today, and he did state his last sentence in a previous statement. I do have remorse for these boys because I have been a victim of abuse myself. Well, it's not clear what boys he was referring to. You're talking about an enhancement for a pattern of activity. Is that not enough? I don't think the defendant's statement that he has sympathy for these boys would be sufficient to support a pattern of activity enhancement. Not even in light of what else is in the PSR? Correct. And just another question. Did the defendant challenge the age of the victim of this particular offense at any time below? In the district court? Not that I'm aware of other than with regard to the evidence for purposes of the predicate offense analysis. Thank you. Good morning. May it please the Court, my name is Dan Rehnke. I represent the government in this appeal. The pattern of activity enhancement, you've all kind of gone through everything I wanted to mention, except there are a couple things in the judgment entry that I think also show that there was a minor. Mr. Davis talks about, at the end of his signed statement, talks about custody of the child. And that he knows he'll never have custody of the child, but he hopes that Sue, his wife or ex-wife, can get custody of the child back, which would imply that the child victim was a minor. He also talks about babysitting the child in the statement on numerous occasions, which also I think under a preponderance of the evidence standard, would allow the court to find that the pattern of activity enhancement was appropriate. If there are no other questions on the pattern of activity enhancement, I'd like to just go on to the other issues. How do you respond to the DeCamp analysis of the 2002 pandering? We're all struggling with that. Well, and DeCamp isn't the easiest opinion I've ever read to understand, but I do think you start with a divisibility, and I think the Ohio pandering statute is divisible under DeCamp. It punishes. There's more than one way to commit this crime, which I think is, for our argument, the key. So which is the way? If you look at the statute, which is the way that the statute identifies that would be pornography? Probably the create, reproduce or publish, which is the first subsection of the statute. Create, reproduce or publish what? Obscene material involving a minor. Can't be. That's what DeCamp said. It said, judges, you were looking at things that were too broad, and then if part of it would violate it, and then you were looking at the facts, but that's not what we meant. You can't do that anymore. You have to look at the ways the crime could be committed in the statute and then focus on the one that, I mean, honestly, I don't see how you can win on that statute with DeCamp. I understand. DeCamp is really, it's turned it into only an elements-based test. And the judge, this came out, I think, in March of 2013. DeCamp came out, I think, a little bit after that, but, you know, it is the Supreme Court and it is. Oh, I think most of us would have made the same mistake until we had that case. At that point, I think most of the courts, most of the district courts were looking at the judgment entries or whatever the Taylor-Shepard documents were for those materials. I mean, it's perfectly understandable. So I guess then we get into whether that's a plain error because it wasn't raised on there. He could look at the judgment entry if you considered it a divisible statute and you undertook the modified categorical approach. But even if you do that, he can't look, he cannot draw facts out of these underlying documents. All he can do is look at the categories. And then don't you have the problem that the federal and the state statutes don't match because in one you've got what obscene material that's broader than the federal definition. And on the other hand, you've got the Ohio state, the Ohio law, that has a portrayed observer as opposed to a participant. So it seems that it's going to fail. Yeah, the Ohio, I don't think it's disputed, and I don't think it was disputed below, that the Ohio obscenity definition is much broader than the federal child pornography definition. Which disables it from being a predicate. Right, it includes nudity and it includes where the federal child pornography is really more sexually explicit conduct. I think what the judge really looked at, but again, he looked at the sexual predator determination and found that he was, that Mr. Davis had been convicted of a sexually oriented offense and that was likely to be convicted of another one in the future to reach the determination. But then under De Camp, it's a different ballgame than what the judge was looking at back when he was sentencing Mr. Davis. So do you have any other argument in favor? Only as to the sexual battery, and that's really, it's all going to be controlled by what this court does with Mateen. There's a petition for re-hearing in bank that's been filed in Mateen. It was filed February 19th of 2014. I believe it's pending still. Last time I checked, which was last night, it was still pending. It hasn't been, there hasn't been an opposition ordered yet by this court. So we're still in either the early consideration stages for that. If Mateen is, if in-bank review is granted, then obviously the government would argue that the sexual battery conviction would qualify because the phrase involving a minor would only modify the third category of offenses, which was abuse of sexual conduct and not sexual abuse or aggravated sexual abuse. Am I correct in understanding that even if neither of these serve as predicates, he would still be at a 240-month maximum sentence? Yes, because assuming the pattern of activity enhancement still applies, he'd still be at a level 35, criminal history 5, which would be 262 to 327 for the advisory guideline range. So the sexual battery part of our argument is completely dependent on what this court does with Mateen. If it denies in-bank review, then obviously that argument would be foreclosed. If it grants in-bank review, we would ask that the court would go along with the Fourth, Fifth, and Seventh Circuits, which found that involving a minor only modifies the third category. Okay. Any further questions? If not, thank you very much. Thank you, Your Honor. A rebuttal, Ms. Swartz? Getting back to the divisible versus non-divisible argument and how to determine that, I'd like to read a quote from Descamp that I think may help clarify that a little bit. The court said, The modified approach merely helps implement the categorical approach when a defendant was convicted of violating a divisible statute. It retains the categorical approach's central feature, a focus on the elements rather than the facts of a crime, and it preserves the categorical approach's basic method, comparing those elements with the generic offenses. All the modified approach adds is a mechanism for making that comparison when a statute lists multiple alternative elements and so effectively creates several different crimes. Then the important part here, I think, it says, If at least one but not all of those crimes matches the generic version, a court needs a way to find out which the defendant was convicted of. So in the case we have here, where none of the subsections match essentially the generic version, the child pornography definition, there's no reason to find out which specific subsection the defendant was convicted of because it doesn't change the analysis at all. Each subsection is overbroad and isn't in and of itself going to provide a sufficient basis for finding this offense to be a predicate. You could get there either way. You could begin at the beginning and say, This is the end result because none of them match, or you could do exactly what that says. Do the modified categorical approach and then say we can only look not at the underlying facts. We can only look at these documents and we may only look at them categorically. And if you did that, the judge still would have been incorrect. I think that's true, although under de comp, you don't get to the documents. Under the modified categorical approach you do, you just don't get to look at the facts of them. Yes. We're all struggling with this. It seems that I'm a little concerned about the idea that you would begin by saying is there a predicate and a non-predicate offense? But I think your analysis is undertaken even if you do the modified categorical approach because you take it down into that modified category and then do the elemental comparison. And in this case, the court was not able to do what it did. I think this fails as a predicate offense either way, but I really think that de comp says you have to start by dividing it into predicate or non-predicate offenses or seeing if you can divide it into predicate or non-predicate offenses. And if you can't, then that's the end of the story and you don't go any further. Any further questions for Ms. Schwartz? All right. Thank you very much. The case will be submitted. It's my understanding that completes the case.